IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MATTHEW A. HAYDEN<br><br>                Plaintiff,<br><br>     v.<br><br>CHRISTINE WORMUTH, in her official capacity as United States Secretary of Army;<br>101 Army Pentagon<br>Washington, DC 20301-1000<br><br>                Defendant. | Case No.: _____<br><br>**COMPLAINT** |

## INTRODUCTION

1.      This is an action brought by Plaintiff Matthew A. Hayden, a former Army Sergeant First Class and combat veteran, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, challenging a final decision by the Army Board for the Correction of Military Records ("ABCMR"), which decides applications on behalf of Defendant, the Secretary of the United States Army ("Army").  The ABCMR erred when, in direct conflict with its own July 2021 advisory opinion, it denied Plaintiff's petition seeking to correct his record to reflect his award of a medical retirement at the time of his discharge.  The ABCMR's decision was arbitrary, capricious, contrary to law, and unsupported by substantial evidence.

2.      On July 5, 2009, the Army honorably discharged Plaintiff for medical reasons after the Physical Evaluation Board ("PEB") found him unfit for just his chronic low back pain described as "postlaminectomy syndrome" of the lumbar region.  In making its fitness determinations, the Army failed to separately find Plaintiff's bilateral lower extremity radiculopathy unfitting despite the fact that it was identified as a separate condition failing medical retention standards in Plaintiff's Medical Evaluation Board ("MEB") Proceedings.

3. Plaintiff first applied to the ABCMR to correct his military record to reflect a medical retirement in 2010 *pro se*. This request was denied and in September of 2021, with the assistance of counsel, Plaintiff sought reconsideration, asking that his bilateral radiculopathy be found unfitting and his VA rating from the time of discharge be adopted, from which a medical retirement would flow.

4. In July 2021, the U.S. Army Physical Disability Agency ("USAPDA") issued an advisory opinion recommending a change in Plaintiff's discharge status due to an error on the part of the PEB in not separately finding Plaintiff's right leg radiculopathy unfitting and ratable. Nevertheless, the ABCMR denied his petition for relief again.

5. Relief was denied because once Plaintiff responded to the advisory opinion that agreed Plaintiff's right leg radiculopathy was unfitting, the ABCMR, unbeknownst to the Plaintiff, solicited another medical opinion from the Army Review Boards Agency. This advisory opinion opined that the PEB did not err because, contrary to the explicit MEB findings and the findings of USAPDA, Plaintiff's lower extremity radiculopathy did not fail medical retention standards.

6. Despite being faced with contradictory advisory opinions and the legal mandate that Plaintiff be given the benefit of the doubt, the ABCMR determined that the "preponderance of the evidence," supported no correction be made to Plaintiff's military record.

7. If the ABCMR had properly applied the standard of fitness set forth in Department of Defense Instruction 1332.38 or simply weighed the two advisory opinions, giving the veteran the requisite benefit of the doubt, it would have resulted in Plaintiff's lower right extremity radiculopathy being found unfitting and his award of a 30% combined disability rating, qualifying Plaintiff for disability retirement.

8. Plaintiff suffered a legal wrong because of the ABCMR's final agency action. Plaintiff was adversely affected by that agency action, and thus is entitled to judicial review under the APA. 5 U.S.C. § 702. The APA authorizes this Court to set aside any agency decision that is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. 5 U.S.C. § 706(2)(A). The Secretary's determination that there was no error in how the PEB rated Plaintiff's

unfitting radiculopathy is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

## JURISDICTION AND VENUE

9. Jurisdiction in this Court is based on a federal question and is proper under 28 U.S.C. §§ 1331, 2201 and 2202. Plaintiff seeks relief under the APA, 5 U.S.C. § 701 *et seq*. Venue is conferred on this Court under 28 U.S.C. § 1391(e)(1).

10. Plaintiff seeks solely equitable relief in this action, namely, an increase of his military disability rating and to be placed in to medical retirement status.

## PARTIES

11. Plaintiff Matthew A. Hayden served in the Army from January 5, 1998 until July 5, 2009, when the Army honorably discharged him due to a medically unfitting condition. Plaintiff is a citizen of the United States and currently resides in Canada. Throughout his service, Plaintiff was a member of a regular component of the armed forces entitled to basic pay, and therefore is an eligible member as required for disability retirement under the Career Compensation Act of 1949. 10 U.S.C. § 1201(a), (c).

12. Defendant Christine Wormuth, 101 Army Pentagon, Washington, DC 20301, is the Secretary of the Army. The Secretary is the head of the Department of the Army, which is a branch of the Department of Defense ("DoD"). The DoD is an agency of the United States as defined by the APA, 5 U.S.C. § 701(b)(1), and for purposes of venue as described in 28 U.S.C. § 1391(e)(1).

## SUBSTANTIVE ALLEGATIONS

### Service History & Medical Problems

13. Plaintiff began his active duty with the Army on January 5, 1998, qualifying and serving as an Army Diver. He is a Gulf War veteran having served in Kuwait and Iraq during Operation Iraqi Freedom and was awarded several medals and citations during his service, including an Army Commendation Medal with Valor after taking direct fire while on a reconnaissance mission in Mosul, Iraq. By the end of his career Plaintiff had also been awarded

the Army Achievement Medal (3rd award), Combat Action Badge, First Class Diver Badge, and the Army Good Conduct Medal.

14.     Plaintiff's back and chronic radicular pain issues first began in 1999 after he injured his back lifting and twisting a heavy object while working underwater to repair a military vessel. As a result of that injury, Plaintiff underwent an L4-5 discectomy in 2000.  Later, due to continued pain, Plaintiff had further surgery in 2002. This time, in addition to a second L4-5 discectomy, he also had a L5-S1 discectomy.

15.     Between 2003 and 2005, when Plaintiff was deployed to Iraq, Hawaii, Micronesia and Vietnam, Plaintiff reinjured his back on multiple occasions while completing various missions, including, among others, the construction of a personnel pontoon bridge used by Iraqis to cross a river as part of Objective Chamberlain. Throughout this time Plaintiff regularly sought medical treatment and was prescribed medication, including Motrin for pain relief and Flexeril for back and sciatic pain. Sciatic pain is one type of radiculopathy, which is an injury or damage to nerve roots in the area where they leave the spine. This condition regularly results in pain that radiates from the sciatic nerve root down the back to the buttocks and/or legs.

16.     As a result of the demands of his missions and despite three previous surgeries, Plaintiff's back pain and radicular pain of his lower extremities progressively worsened. On November 2, 2006, Plaintiff was admitted to the hospital for degenerative disk disease of L4-5 and L5-S1 with radiculopathy. This diagnosis resulted in Plaintiff undergoing a transforminal lumbar interbody fusion. Plaintiff's pain following the surgery required control with intravenous morphine via a PCA pump and Roxicet.

17.     In late 2008, Plaintiff's condition had become so severe that a Medical Evaluation Board ("MEB") was convened to evaluate his injuries. A MEB is a board of two or more physicians that evaluates whether a service member meets retention standards and, if appropriate, refers its findings to the Physical Evaluation Board ("PEB"). In turn, the PEB is responsible for determining the fitness of each of a service member's medical conditions, and where unfitting,  assign disability ratings based on the VASRD. 10 U.S.C. § 1216a(b).

18. DoDI 1332.38 sets out the general criteria for determining unfitness due to disabilities. "In making a determination of a member's ability to so perform his/her duties, the following criteria may be included in the assessment: whether the medical condition represents a decided medical risk to the health of the member or to the welfare of other members were the member to continue on active duty or in Active Reserve status; whether the medical condition imposes unreasonable requirements on the military to maintain and protect the member; and the Service member's established duties during any remaining period of reserve obligation." DoDI 1332.38, Encl. 3 Part 3.2.

19. Determining whether a member can reasonably perform the duties of their office, grade, rank or rating includes consideration of whether the service member can : (1) Perform common military tasks, such as whether the member is routinely required to fire a weapon, perform field duty or wear loading bearing equipment; (2) Pass the required physical fitness test; (3) Deploy; or (4) Perform specialized duties.

20. A service member can be found unfit when a single medical condition leaves them unable to reasonably perform the duties of their office, grade, rank or rating, or where the "combined effect" of two or more disabilities precludes such performance. DoDI 1332.38, Encl. 3 Part 3.4.4. In January 2009, as part of Plaintiff's MEB a military examiner prepared a Narrative Summary ("NARSUM"), which included findings regarding Plaintiff's then-existing physical conditions based on military medical records, previous physical examinations, and the MEB's own physical examination. The NARSUM detailed the long history of Plaintiff's back problems. It also detailed Plaintiff's right leg radiculopathy in both the "History" section ("pain radiates down to the second and third toes on his right lower extremity") and the "Physical Exam" section ("His straight leg raise was positive on the right at approximately 35° and radiated to the second, third and fourth toes on the right foot. On light touch and pinprick, his sensation was decreased in the dorsal surface of the foot and great toe on the right foot, and the lateral side of the right calf."). The NARSUM summarized his unacceptable conditions as: "Post laminectomy syndrome lumbar, with chronic pain."

21.     The MEB was referring to Plaintiff's radiculopathy when referring to "chronic pain" by listing two distinct medical conditions as failing retention standards on Plaintiff's MEB Proceedings (DA Form 3947) dated January 29, 2009.  These conditions were annotated separately by the board as medically unacceptable according to Army Regulation ("AR") 40-501, paragraphs 3-39 and 3-41, respectively.

22.     Thus, the MEB referred Plaintiff to a PEB.

23.     Even though the MEB referred Plaintiff for two conditions, on September 4, 2009, the PEB conflated the Plaintiff's two conditions together, finding only one condition – Chronic low back pain described as postlaminectomy syndrome lumbar region – to be unfitting and assigned Plaintiff a disability rating of 20%.

24.     Based on the PEB's conclusions, the Army medically separated Plaintiff on July 5, 2009.

### VA Service-Connected Disability Claim

25.     On April 23, 2009, while still on active duty, Plaintiff filed his initial disability claim with the Department of Veterans Affairs ("VA"). The VA, like the DoD, is required to use the VASRD rating schedule for disabilities.  In his initial rating decision, the VA assigned Plaintiff a disability rating of 10% for "degenerative disc disease of the lumbar spine status post laminectomy with spondylolisthesis."  The VA at first denied his claim for radiculopathy, but soon thereafter awarded him a 10% rating "for radiculopathy of the right lower extremity" (with a January 21, 2010 effective date).

26.     Plaintiff timely appealed the 10% disability rating for his back, and the Board of Veterans' Appeals ("BVA") found in his favor, which eventually led to the VA assigning him the same 20% rating for his back that the Army had assigned (effective back to July 2009). In short, faced with the same facts and applying the VASRD (as the PEB was required to do), the VA separately rated Plaintiff's back and radiculopathy conditions, demonstrating that the Army's determination was incorrect.

## The Army Board for Correction of Military Records Decision

27.     On January 10, 2010, Plaintiff filed a pro se application with the ABCMR seeking a correction to his "Narrative Reason for Separation" to reflect permanent disability retirement for both (1) Postlaminectomy Syndrome Lumbar Region and (2) Chronic Pain. That appeal was denied on November 10, 2010.

28.     On November 14, 2020, the Plaintiff, with the assistance of counsel, sought reconsideration from the ABCMR.

29.     Plaintiff's reconsideration request included critical evidence that had not previously been considered by the ABCMR, including but not limited to his MEB Proceedings and the MEB NARSUM, both of which refer to Plaintiff's chronic radicular pain as a separate potentially unfitting condition from his postlaminectomy syndrome. The reconsideration materials also included, for the first time, his full chronological medical history and the VA ratings history outlined above establishing that the VA had rated *both* Plaintiff's back and his radiculopathy.

30.     In May 2021, the ABCMR sought an advisory opinion from the United States Army Physical Disability Agency ("USAPDA") (hereinafter, the "USAPDA Opinion"). The USAPDA Opinion stated: "It is clear from the NARSUM and the DA Form 3947 that the MEB was referring to [Plaintiff's] radiculopathy when it referred to the 'chronic pain' condition" and that the PEB had erred when it "conflated the back condition with the 'chronic pain' condition" with respect to Plaintiff's right[1] leg radiculopathy. The USAPDA Opinion then explained: "[i]n an apparent attempt to avoid pyramiding, the PEB assigned the highest rating to the back condition based upon range of motion (ROM), which due to his lack of forward flexion equated to 20%. The minimum rating of 10% for painful motion was not assigned. This was correct in its application as to pain associated with the back conditions. It was, however, an error as the 'chronic pain' was referring to a separately ratable condition of RLE radiculopathy."

---

[1] The advisory opinion found the claim regarding Plaintiff's left leg radiculopathy not persuasive, and Plaintiff does not pursue any claim regarding left leg radiculopathy here.

7

31. The USAPDA Opinion concluded: "The facts of the case do point to error on the part of the PEB in its mistaken belief that 'chronic pain' was referring to [Plaintiff's] back condition. Based upon the evidence in the case file, it does appear that [Plaintiff] should have been found unfit for his back and [right leg] radiculopathy."

32. The opinion was shared with Plaintiff in a letter dated July 13, 2021. Plaintiff concurred with the decision in regard to the right leg radiculopathy.

33. The ABCMR then, without explanation and unbeknownst to Plaintiff, sought another opinion from the Army Review Boards Agency (ARBA) Medical Advisor ("ARBA Opinion"). Unlike with the first advisory opinion, Plaintiff was not given an opportunity to respond to the ARBA Opinion and instead learned of it upon receipt of the ABCMR's decision where it was summarized. The ARBA Opinion concluded that the MEB did not support Plaintiff's radiculopathy as unfitting, because neither Army Regulation 40-501, paragraphs 3-39 and 3-41, which the MEB found that the Plaintiff failed, addressed his "chronic pain." In support of this assertion the ARBA Opinion concluded that if the MEB intended for Plaintiff's chronic pain to fail retention standards it would have listed retention standard paragraph 3-30j[2], which is a "catch-all" provision for neurological conditions. This ignores that the explicit wording of paragraph 3-41[3] itself is also a catch-all, addressing conditions "not mentioned elsewhere" in the regulations, such as radicular pain. The ARBA Opinion's conclusion also fails to consider what other condition, outside of radiculopathy, the MEB could have been referring to when invoking

---

[2] AR 501 Chapter 3-30(j). "Any other neurologic conditions, Traumatic Brain Injury (TBI) or other etiology, when after adequate treatment there remains residual symptoms and impairments such as persistent severe headaches, uncontrolled seizures, weakness, paralysis, or atrophy of important muscle groups, deformity, uncoordination, tremor, pain, or sensory disturbance, alteration of consciousness, speech, personality, or mental function of such a degree as to significantly interfere with performance of duty.

[3] AR 501 Chapter 3-41(e). Miscellaneous conditions and defects. Conditions and defects not mentioned elsewhere in this chapter are causes for referral to an MEB, if—
(1) The conditions (individually or in combination) result in interference with satisfactory performance of duty as substantiated by the individual's commander or supervisor. Any medical condition, injury or defect (individually or in combination) that prevents the Soldier from performing any of the functional activities listed under item number 5 on DA Form 3349 (Physical Profile).
(2) The individual's health or well-being would be compromised if they were to remain in the military service.
(3) In view of the Soldier's condition, their retention in the military service would prejudice the best interests of the Government (for example, a carrier of communicable disease who poses a health threat to others). Questionable cases, including those involving latent impairment, will be referred to PEBs.

paragraph 3-41, as "chronic pain," as it is the only other medical condition discussed in the NARSUM.

34. The ABCMR denied Plaintiff's request for reconsideration in a cursory three sentence "Discussion" without any indication of its reasoning or delineating any basis for its decision. The ABCMR relied entirely on the ARBA Opinion, without ever discussing the USAPDA Opinion or the required prongs of fitness.

35. The September 17, 2021, decision by the ABCMR exhausted Plaintiff's remedies with the DoD.

36. The ABCMR's conclusion that the PEB did not err when it failed to find Plaintiff's radiculopathy an unfitting condition was arbitrary, capricious, and not supported by substantial evidence.

37. To begin, the ABCMR's conclusion that Plaintiff's radiculopathy was not unfitting is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law for at least five separate reasons. *First*, the AR reflects, and the USAPDA opinion supports, that Plaintiff's radiculopathy failed retention standards. *Second*, the record clearly indicates Plaintiff's radiculopathy, independently and in combination with his unfitting back condition, made him unable to reasonably perform the duties of his MOS, deploy or pass the required physical fitness test. *Third*, the ABCMR's reliance on the ARBA Opinion was flawed. There is simply no support that radiculopathy can only fail retention standards where AR 40-501, para. 3-30j and not AR 40-501, para. 3-41, is invoked. *Fourth*, in reaching its decision, the ABCMR never grappled with or explained why it rejected the USAPDA Opinion that set out detailed reasoning of how the PEB had erred. Further, if the ABCMR choses to exclude factors from consideration it must explain its rationale for doing so. *Fifth*, The ABCMR failed to elaborate on the duties required by Plaintiff's office, grade, rank or rating. Such explanation is required when determining whether or not a plaintiff's condition prevents him from reasonably performing such duties. Nyan v. United States, 154 Fed. Cl. 463 (2021).

38. The ABCMR's actions were arbitrary, capricious, unsupported by substantial evidence, and unlawful, resulting in Plaintiff's inaccurate medical separation. Rather than being medically separated for only his back condition, Plaintiff should have been medically retired with a combined 30% disability rating for both his back and radiculopathy conditions.

## COUNT I

## VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

39. Plaintiff Matthew A. Hayden hereby incorporates by reference the allegations set forth in paragraphs 1-37 above, as if fully set forth herein.

40. The September 17, 2021 decision by the ABCMR refusing to change Plaintiff's disability status is subject to judicial review as a final "agency action" under the APA. 5 U.S.C. §§ 551(13), 701, 704. Plaintiff's appeal to the ABCMR was the final administrative option available to Plaintiff for review of his disability rating.

41. Under the APA, 5 U.S.C. § 706(2)(A), this Court is required to hold unlawful and set aside a final agency action that is arbitrary, capricious, unsupported by substantial evidence, or otherwise not in accordance with law.

42. The ABCMR decision to uphold the PEB's finding that Plaintiff's radiculopathy was a fitting condition was arbitrary, capricious, unsupported by substantial evidence, or contrary to law, as it failed to: (1) Evaluate Plaintiff's disability pursuant to the required fitness standards set forth in DoDI 1332.38; (2) Define Plaintiff's duties when determining reasonable performance; (3) Grapple with all relevant evidence, including the contradictory USAPDA decision; or (4) Address the flaws in the ARBA Opinion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Matthew A. Hayden, respectfully requests the Court to:

**(A)** Find that the ABCMR's September 17, 2021, determination was arbitrary and capricious, unsupported by substantial evidence, and contrary to law, and set it aside under 5 U.S.C. § 706(2)(A);

**(B)** Order the Secretary to correct Plaintiff's military records to reflect that he has two unfitting conditions with the correlating combined disability rating – including without limitation his DD Form 214 and his retirement orders– and a permanent medical retirement.

**(C)** Order award of all fees and costs

**(D)** Order such other and further relief the Court may deem just and proper.

Dated: September 15, 2023

Respectfully submitted,

By: /s/ Andrew W. Shoyer

Andrew W. Shoyer  (D.C Bar 411870)
Alyssa A. Hartley (D.C Bar 90008973)
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
ashoyer@sidley.com
ahartley@sidley.com

Esther Leibfarth (DC Bar No. 1016515)
Rochelle Bobroff (DC Bar No. 420892)
NATIONAL VETERANS LEGAL
SERVICES PROGRAM
1100 Wilson Blvd, Suite 900
Arlington, VA 22209
Phone: 202.265.8305
Esther@nvlsp.org
rochelle@nvlsp.org